UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80674-CIV-MARRA

DAN PRONMAN, an individual,
GARY PRONMAN, an individual,
and MOVIE STAR MUSCLECARS, INC.,
a foreign corporation,

Plaintiffs,

vs.

BRIAN STYLES, an individual et al.,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendants' Motion to Dismiss Count IX of the Amended Complaint and/or in the Alternative Motion for a More Definite Statement (DE 71) and Plaintiffs' Motion for Judgment on Pleadings (DE 96).  The Court has carefully considered the Motions and is otherwise fully advised in the premises.

I.  Background

On December 11, 2013, Plaintiffs Dan Pronman, Gary Pronman and Movie Star Musclecars, Inc. (collectively, "Plaintiffs") filed a ten count Amended Complaint which relates to alleged intellectual property violations by Defendants Brian Styles ("B. Styles") and Samantha Styles ("S. Styles") (collectively, "Defendants"). (Am. Compl., DE 60.)   The ninth cause of action is brought against both Defendants pursuant to the Uniform Fraudulent Transfer Act, Florida Statute § 726.101.  Defendants move to dismiss this count on the basis that Plaintiffs have failed join S. Styles in her capacity as Trustee of the Revocable Trust as an indispensable

party. Defendants also seek a more definite statement to obtain which assets Plaintiffs accuse B. Styles of transferring to S. Styles.

On January 30, 2014, Defendants filed their Answer and Counterclaims. (Answer, DE 72.) Counterclaim three brings a claim for Abuse of Process against Plaintiffs. According to the allegations of the counterclaim, Plaintiffs filed a frivolous lawsuit for copyright and trademark infringement in an attempt to force B. Styles to dismiss a state court action. (Counterclaim ¶ 58.) Defendants assert that Plaintiffs artificially inflated their alleged damages in the amount of $272,000,000.00 and joined S. Styles to "extort" B. Styles into dropping the state court case. (Counterclaim ¶ ¶ 60-63.) Plaintiffs move for judgment on the pleadings, claiming that the abuse of process claim fails to state a claim because there are no allegations of misuse of process after the process was issued.

II. Discussion

A. Defendant's Motion to Dismiss Count IX

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

The Court will address first Defendants' argument that the Amended Complaint must be dismissed because it has failed to join S. Styles in her capacity as Trustee of the Revocable Trust. Paragraph 131 of the fraudulent transfer count alleges that B. Styles transferred real property located at 1033 Waterway Lane in Delray Beach, Florida worth approximately $8 million to S. Styles for $10.00. In support, the quit claim deed is attached to the Complaint.[1] (Ex. I, attached to Am. Compl.) The quit claim deed, however, shows that transfer of the real property was not to S. Styles individually, but rather to the Samantha Styles Revocable Trust.

Pursuant to Federal Rule of Civil Procedure 12(b)(7), courts may dismiss suits where plaintiffs fail to join indispensable parties. In order to determine whether an action should be dismissed for failure to join an indispensable party, courts must apply the criteria set forth in Federal Rule of Civil Procedure 19. See Challenge Homes, Inc., v. Greater Naples Care Ctr., Inc., 669 F.2d 667, 669 (11th Cir.1982). Moreover, the burden is on the moving party to establish that

---

[1] The Court's consideration is "limited to those facts contained in the pleadings and attached exhibits." Griffin Industries, Inc. v. Irvin, 496 F.3d 1189, 1199 (11th Cir. 2007).

parties are indispensable to the action. Ship Constr. & Funding Servs. (USA), Inc. v. Star Cruises PLC, 174 F. Supp. 2d 1320, 1325 (S.D. Fla. 2011). An indispensable party includes a party who "in that person's absence, the court cannot accord complete relief among existing parties" or "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19. "The general rule under Florida law is that 'a trustee is an indispensable party to an action affecting the corpus or assets of the trust, without whom the action cannot proceed.'" Barbachano v. Standard Chartered Bank Intern. (Americas) Ltd., No. 10–22961–CIV, 2014 WL 29595, at * 5 (S.D. Fla. Jan. 3, 2014); In re Estate of Stissher, 932 So. 2d 400, 402 (Fla. Dist. Ct. App. 2006).

With respect to the real property asset, Plaintiffs claim that it was fraudulently transferred. However, the Court cannot void the transfer without Plaintiffs including S. Styles as trustee to the Samantha Styles Revocable Trust as a party. Therefore, this count is dismissed to the extent it concerns the real property transferred to the Samantha Styles Revocable Trust. The Court will permit Plaintiffs to amend the count to include the S. Styles as trustee to Samantha Styles Revocable Trust.[2]

The Court also agrees with Defendants that the remaining part of the count is unclear and must be remedied. With respect to the items that were allegedly fraudulently transferred, there

---

[2] Should Plaintiffs decide not to add this party, the count will go forward and pertain to the other assets.

are numerous inconsistencies.  Compare Compl. ¶ 123 with ¶ 136 with Ex. J to Am. Compl.  In addition, exhibit J to the Amended Complaint is merely a list of vehicles allegedly owned by each Defendant but does not provide any information regarding the transferring of those assets.  Thus, the Amended Complaint fails to state clearly which items Plaintiffs are alleging have been fraudulently transferred.  As such, the motion for a more definite statement is granted.[3]

### B.  Plaintiffs' Motion for Judgment on the Pleadings

Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed R. Civ. P. 12(c). "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts."  Hawthorne v. Mac Adjustments, Inc., 140 F.3d 1367, 1370 (11th Cir.1998). In considering a motion for judgment on the pleadings the Court accepts all facts in the complaint as true, and views them in a light most favorable to the nonmoving party.  Id.  The complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Slagle v. ITT Hartford, 102 F.3d 494, 497 (11th Cir.1996).

"A cause of action for abuse of process requires: (1) an illegal, improper, or perverted use of process by the defendant; (2) an ulterior motive or purpose in exercising the illegal, improper, or perverted process; and (3) damage to the plaintiff as a result of the defendant's

---

[3] Given that heightened pleading requirements do not apply to fraudulent transfer actions, the Court denies Defendants' request that Plaintiffs provide details regarding when the transfers allegedly occurred.  See Special Purpose Accounts Receivable Co-op Corp. v. Prime One Capital Co., LLC, No. 00-06410-CIV, 2007 WL 4482611,  at * 4 (S.D. Fla. Dec. 19. 2007).

action." Valdes v. GAB Robins North America, Inc., 924 So.2d 862, 867 n.2 (Fla. Dist. Ct. App. Dist. 2006) (quoting Hardick v. Homol, 795 So.2d 1107, 1111 n.2 (Fla. Dist. Ct. App. Dist. 2001).  Abuse of process is concerned with the improper use of process after it has been issued.  McMurray v. U-Haul Co., Inc., 425 So. 2d 1208, 1209 (Fla. Dist. Ct. App. Dist. 1983).

      Plaintiffs move for judgment on pleadings on the abuse of process counterclaim, contending that this counterclaim fails because there are no allegations of misuse of process after the process was issued.  Defendants do not disagree that abuse of process requires the improper use of process after the process has been issued.  Instead, they explain that Plaintiffs have misconstrued their claim by contending that the abuse of process was based on the filing of the original complaint when, in fact, the claim is based on Plaintiffs' assertion of inflated and unsubstantiated damages set forth in their initial disclosures, and based upon the joining of S. Styles to the lawsuit in order to "extort" B. Styles into dropping his state court case. (Counterclaim ¶¶ 61-63.)  See  Peckins v. Kaye, 443 So. 2d 1025, 1026 (Fla. Dist. Ct. App. 1983) (filing of a counterclaim may constitute issuance of process for purpose of abuse of process action); see also General Refractories v. Fireman's Fund Ins., 337 F.3d 297, 310–11 (3d Cir.2003) (applying Pennsylvania law and suggesting that abuse-of-process claim could be based on the defendants' behavior in responding to discovery requests or misrepresentations made to opposing counsel and the court); Hopper v. Drysdale, 524 F. Supp. 1039, 1042 (D Mont.1981) (the noticing of depositions); Givens v. Mullikin ex rel. Estate of McElwaney, 75 S.W.3d 383, 402 (Tenn. 2002) (recognizing that discovery is a process which can be abused when attempting to impose substantial costs on the opposing party); Foothill Industrial Bank v. Mikkelson, 623 P.2d 748, 757 (Wyo.1981) (process has been interpreted broadly to encompass entire range of

procedures incident to litigation process); Nienstedt v. Wetzel, 651 P.2d 876, 880-81 (Ariz. Ct. App. 1982) (the term "process" as used in the tort "abuse of process" "has been interpreted broadly and encompasses the entire range of procedures incident to the litigation process" and finding that "processes" include the noticing of depositions, the entry of defaults, and the utilization of various motions such as motions to compel production, for protective orders, for change of judge, for sanctions and for continuances).  As such, the Court finds the claim is properly pled.

    III. Conclusion

    Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1)     Defendants' Motion to Dismiss Count IX of the Amended Complaint and/or in the Alternative Motion for a More Definite Statement (DE 71) is **GRANTED IN PART AND DENIED IN PART**.  This count is dismissed to the extent it concerns the real property transferred to the Samantha Styles Revocable Trust.  The Court will permit Plaintiffs to amend the count to include the trustee of the Samantha Styles Revocable Trust.  The motion for a more definite statement is granted with respect to the remaining assets.  Plaintiffs shall file a Second Amended Complaint **by June 25, 2014**.

2)     Plaintiffs' Motion for Judgment on Pleadings (DE 96) is **DENIED**.

    **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 10th day of June, 2014.

_____
KENNETH A. MARRA
United States District Judge