UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-80674-CV-MARRA/MATTHEWMAN

DAN PRONMAN, an individual,
GARY PRONMAN, an individual,
and MOVIE STAR MUSCLECARS, INC.,
a foreign corporation,

        Plaintiffs,

v.

BRIAN STYLES, an individual and
SAMANTHA STYLES, an individual,

        Defendant.

_____/

## BRIAN STYLES' MOTION FOR PROCEEDINGS SUPPLEMENTARY AND INCORPORATED MEMORANDUM OF LAW

Defendant, Brian Styles ("B. Styles"), by and through his undersigned counsel and pursuant to Federal Rule of Civil Procedure 69(a) and Florida Statutes section 56.29 (2015), hereby files this Motion for Proceedings Supplementary and Incorporated Memorandum of Law, and in support thereof, states:

## INTRODUCTION

1. Judgment Creditor, B. Styles ("Judgment Creditor") currently holds a judgment against Plaintiff/Judgment Debtors, Dan Pronman and Gary Pronman (collectively the "Judgment Debtors") in the amount of $16,510.88. Through this Motion, Judgment Creditor seeks an Order granting Proceedings Supplementary against the Judgment Debtors in order to reach certain intangible assets comprised of: a copyright registration; several choses of action against B. Styles; and for assistance in executing on a corporation owned by the Judgment Debtors. Judgment Creditor further seeks the aid of Proceedings Supplementary in order to

1

effectively inventory any other assets of the Judgment Debtors in order to facilitate satisfaction of the Judgment.

## II. PROCEDURAL AND FACTURAL BACKGROUND

2.      On November 9, 2015, B. Styles obtained a Final Judgment for costs against the Judgment Debtors in the amount of $16,510.88 ("Judgment").  See attached **Exhibit "A."**

3.      A Judgment Lien Certificate was filed and issued by the Florida Secretary of State on December 8, 2015.  A copy is attached hereto as **Exhibit "B."**

4.      A Writ of Execution in favor of B. Styles was issued, and remains valid, unsatisfied and is outstanding.  A copy of the Writ is attached hereto as **Exhibit "C."**

5.      B. Styles is aware of the following assets (collectively "Assets") belonging to the Judgment Debtors and which are subject to this Judgment: (a) Movie Star Musclecars, Inc. a/k/a Société Movie Star Musclecars, Inc.'s (Quebec Enterprise number ("NEQ") 1161587093) ("MSMC") Corporate Stock constituting ownership of MSMC; (b) various choses of action against. B. Styles including inchoate claims for Copyright Infringement as well as those presently asserted by Judgment Debtors and pending in the Broward Circuit Court in Case No.: 09-043833 (02); and (c) all rights arising out of and relating to the Judgment Debtors' copyright registration number VA 1-803-703 with the effective date of November 10, 2011, titled Classic Car Restoration Encyclopedia ("Copyright Registration").

6.      Pursuant to Florida Statute section 56.29, Judgment Creditor is entitled to Proceedings Supplementary, and an Order from the Court directing the U.S. Marshall to seize the Assets and sell them in satisfaction of the Judgment.   Pursuant to section 56.29(1), an Affidavit stating that the execution is valid and outstanding and that Judgment Creditor is entitled to Proceedings Supplementary has been properly filed and is attached hereto as **Exhibit "D."**  In

addition, a proposed Order directing the Judgment Debtors to appear before the Court concerning the Assets, and to show cause why the U.S. Marshall shall not seize the Assets to be applied toward the satisfaction of the Judgment is attached hereto as **Exhibit "E."**

7.      As a result of the foregoing, the Judgment Creditor is entitled to Proceedings Supplementary as a matter of law, including the recovery of costs and attorneys' fees pursuant to Florida Statute sections 56.29(11) and 57.115 (2015).

### III. MEMORANDUM OF LAW

#### A. Proceedings Supplementary

Proceedings Supplementary is a post-judgment remedy by which a creditor may summarily discover and subject property belonging to the debtor to the satisfaction of his judgment. Proceedings Supplementary not only enables the judgment creditor to discover the assets subject to his judgment, but also allows the judgment creditor to subject these assets to his judgment by use of summary proceedings. See, generally, Proceedings Supplementary, in Vol. 1, JUDGMENT ENFORCEMENT IN FLORIDA, 3 (Lorman Education Services, 2007). Pursuant to Federal Rule of Civil Procedure 69(a), the procedures of the District Court "shall be in accordance with the practice and procedure of the state in which the district is held. *MCI Telecommunications Corp. v. O'Brien Mktg.*, 913 F. Supp. 1536, 1539 (S.D. Fla. 1995). Thus, as a Florida matter, the proceedings are governed by Florida Statute section 56.29 (2015), which provides in pertinent part:

> (1) When any person or entity holds an unsatisfied judgment or judgment lien obtained under chapter 55, the judgment holder or judgment lienholder may file a motion and an affidavit so stating, identifying, if applicable, the issuing court, the case number, and the unsatisfied amount of the judgment or judgment lien, including accrued costs and interest, and stating that the execution is valid and outstanding, and thereupon the judgment holder or judgment lienholder is entitled to these proceedings supplementary to execution.

3

(2)  On such plaintiff's motion the court shall require the defendant in execution to appear before it or a general or special magistrate at a time and place specified by the order in the county of the defendant's residence to be examined concerning his or her property.

(3)   The order shall be served in a reasonable time before the date of the examination in the manner provided for service of summons or may be served on such defendant or his or her attorney as provided for service of papers in the rules of civil procedure.

. . .

(5)  The court may order any property of the judgment debtor, not exempt from execution, in the hands of any person, or any property, debt, or other obligation due to the judgment debtor, to be applied toward the satisfaction of the judgment debt. The court may entertain claims concerning the judgment debtor's assets brought under chapter 726 and enter any order or judgment, including a money judgment against any initial or subsequent transferee, in connection therewith, irrespective of whether the transferee has retained the property. Claims under chapter 726 are subject to the provisions of chapter 726 and applicable rules of civil procedure.

. . .

(9)  The court may enter any orders, judgments, or writs required to carry out the purpose of this section, including those orders necessary or proper to subject property or property rights of any judgment debtor to execution, and including entry of money judgments against any impleaded defendant irrespective of whether such defendant has retained the property, subject to ss. 56.18 and 56.19 and applicable principles of equity, and in accordance with chapters 76 and 77 and applicable rules of civil procedure.

. . .

(11)  Costs for proceedings supplementary shall be taxed against the defendant as well as all other incidental costs determined to be reasonable and just by the court including, but not limited to, docketing the execution, sheriff's service fees, and court reporter's fees. Reasonable attorney's fees may be taxed against the defendant.

Proceedings Supplementary are entirely statutory in nature; yet, courts generally interpret the statute broadly and liberally to afford a judgment creditor the most complete relief possible in satisfying his judgment. *Bleidt v. Lobato*, 664 So.2d 1074 (Fla. 5th DCA 1995); *Neff v. Adler*, 416 So.2d 1240 (Fla. 4th DCA 1982).  As explained in one treatise applicable to the instant Motion:

For example, if a judgment debtor owns a corporation but the stock has never been issued or the stock certificates cannot be found, the judgment creditor cannot

levy upon the stock certificates to obtain the assets of the corporation; one choice to execute against the corporation is by use of proceedings supplementary. **The court can order the judgment debtor or the corporation to issue the stock and make it available for levy. Proceedings supplementary may also be the best procedure available in state court to execute against intangible assets such as trademarks and other intellectual property.**

*Creditors and Debtors Practice in Florida* § 11.6 (2014). Thus, Proceedings Supplementary can be used to reach assets that are not ordinarily subject to levy under a writ of execution such as promissory notes, accounts receivable, choses in action, and, for purposes of this motion, intellectual property such as copyright registrations. *Continental Cigar Corp. v. Edelman & Co.,* 397 So.2d 957 (Fla. 3d DCA 1981).

In order to initiate Proceedings Supplementary, a judgment creditor need only allege by affidavit that it holds an unsatisfied writ of execution, that the execution remains valid and outstanding, and that the judgment creditor is entitled to Proceedings Supplementary to Execution. § 56.29(1), Fla. Stat. While simple to employ, the implications of Proceedings Supplementary are far reaching. Indeed, a judge may order **any property** of a judgment debtor, not exempt from execution, in the hands of any person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt. §56.29(5), Fla. Stat. In doing so a Court may, in its discretion, enter any order required to carry out the purpose of Proceedings Supplementary to subject property or property rights of any defendant to execution. §56.29(9), Fla. Stat.

**B.  Judgment Creditor is Entitled to Proceedings Supplementary**

Judgment Creditor herein is entitled to Proceedings Supplementary as a matter of law for an order directing the U.S. Marshall to be able to acquire and sell the Assets. B. Styles has filed the appropriate Affidavit with this Court stating that a Writ of Execution has been issued, the execution remains valid and outstanding, and that the Judgment Creditor is entitled to

5

Proceedings Supplementary to Execution.  See **Exhibit "E."**   Nothing else is required in order to obtain an Order for Proceedings Supplementary. *MCI Telecommunications Corp. v. O'Brien Mktg.*, 913 F. Supp. 1536, 1539-40 (S.D. Fla. 1995); *also, See Regent Bank v. Woodcox*, 636 So.2d 885, 886 (Fla. 4th DCA 1994); *Continental Cigar Corp.* 397 So.2d at 958.

### C. Proceedings Supplementary May be Used to Seize Corporate Stock, Copyright Registrations, and Choses of Action

As set forth above, Proceedings Supplementary may be used to seize both tangible and intangible assets.  Here, Judgment Creditor seeks to use Proceedings Supplementary in part to seize corporate stock, a copyright registration, and choses of action in an effort to satisfy his Judgment against the Judgment Debtors.  In *Continental Cigar Corp.*, the Florida Third District Court of Appeal affirmed a trial court's order granting summary judgment in Proceedings Supplementary which held that certain trademark rights held in a third party's name were in reality an asset of the judgment debtor.  As a result, the trial court entered an order **requiring the third party to quit claim the trademarks to the judgment debtor, and went so far as to reserve jurisdiction to appoint a receiver over the judgment debtor.**  *Continental Cigar Corp,,* 397 So. 2d at 957.  The Court also entered an injunction enjoining the third party from further use of the trademark.  The Third District Court of Appeal affirmed the trial court's actions in all respects. *Id.*   Indeed, this Court itself has granted similar relief in Proceedings Supplementary. *Cuban Cigar Brands, N.V. v. Tabacalera Popular Cubana, Inc.*, 2008 U.S. Dist. LEXIS 70531, 2008 WL 4279641, at *5 (S.D. Fla. Sept. 16, 2008) (**holding that the court could seize trademark rights within proceedings supplementary and sell them at judicial auction to satisfy a judgment**).

In the instant case, the corporate stock, copyright registration, and choses of action are all currently property of the Judgment Debtors.   Consequently, absent attempted fraudulent

6

transfers, Judgment Creditor need not implead a third party into the proceedings at this time. But these proceedings are nonetheless warranted, for example, as the U.S. Marshall will be unable to obtain the corporate stock for MSMC without Court assistance, which is explicitly authorized by Florida law. §56.061, Fla. Stat (2015) (personal property, including stock in a corporation, subject to execution); §678.1121, Fla. Stat. (2015) (injunctive relief authorized to obtain such securities and get them in the hands of the U.S. Marshall for execution). The Marshall will also require assistance of this Court in order to sell the intellectual property comprised of the Judgment Debtor's Copyright Registration. Additionally, this Court may be required to compel Judgment Debtors to complete the paperwork necessary to assign the Registration to Judgment Creditor in exchange for credit against the Judgment. *Continental Cigar Corp.*, 397 So. 2d at 957.

Similarly, the Judgment Debtors "choses in action" against Judgment Creditor and his girlfriend are executable as property rights that can be reached in these proceedings supplemental to execution. *Puzzo v. Ray*, 386 So.2d 49 (Fla. 4th DCA 1980) (tort claim for conversion was subject to seizure and execution in proceedings supplementary); *Gen. Guar. Ins. Co. v. Da Costa*, 190 So. 2d 211, 213 (Fla. 3d DCA 1966) (proceedings supplementary are available to reach the judgment debtor's choses in action); *Craft v. Craft*, 757 So.2d 571 (Fla. 4th DCA 2000) (claims for fraudulent behavior are subject to execution); *In re Mills*, 46 B.R. 525, 526 (Bankr. S.D. Fla. 1985) (finding **"no basis under Florida law to exempt this debtor's cause of action for personal injuries from the claims of creditors** or from the property of this bankrupt estate"). Judgment Debtors have asserted the existence of a potential lawsuit (a/k/a chose in action) against B. Styles for Copyright Infringement exists. In addition, the Judgment Debtors have actually asserted various claims against B. Styles and Samantha Styles in the Broward

County Circuit Court, in and for the Seventeenth Judicial Circuit, Case No.: 09-043833 (02). **These claims can and should be sold in an effort to satisfy the Judgment.**

Accordingly, Proceedings Supplementary are necessary to enable the U.S. Marshall to seize and sell the Assets. Judgment Creditor may also require a receiver or injunction enjoining Judgment Debtors from further use or transfer of the Assets in question, but such requests are premature at this time. Judgment Creditor respectfully requests at this time that this Court enter an Order granting the following relief:

(a)  granting Proceedings Supplementary pursuant to §56.29, Fla. Stat. and Fed.R.Civ.P. 69;

(b)  directing the Judgment Debtors to appear before this Court or a designated Magistrate to be examined in Palm Beach County at a time and date specified by this Court concerning their Assets, and to show cause why the U.S. Marshall should not seize their Assets for public sale, the proceeds of which are to be applied toward the satisfaction of the Judgment; and

(c)  granting Judgment Creditor his costs for these Proceedings Supplementary, as well as other reasonable and just incidental costs, as well as reasonable attorneys' fees against the Judgment Debtors pursuant to §56.29(11), Florida Statutes.

## Certificate of Good Faith Conference

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion, in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

/s/**BRETT J. HOROWITZ**
BRETT J. HOROWITZ, ESQUIRE
FL BAR NO.: 494860
LAURIE A. THOMSPON, ESQUIRE
FL BAR NO.: 908339
WEINER, LYNNE & THOMPSON, P.A.
10 S.E. 1st Avenue, Suite C
Delray Beach, Florida  33444
Direct Line: 561-900-0730
Facsimile: 561-945-8779
email: bhorowitz@zonelaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on _____11th_____ day of December, 2015, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system.  I also certify that the foregoing document is being served this day via Email and Regular Mail on *Pro Se* Plaintiffs, Dan Pronman, dansmopar@aol.com, 8081 N.W. 127th Lane, Parkland, Florida 33076 ; and Gary Pronman, gpmusclecars@aol.com, garypron@aol.com, 8267 NW 127th Lane, Parkland, Florida 33076.

/s/**BRETT J. HOROWITZ**
BRETT J. HOROWITZ, ESQUIRE
FL BAR NO.: 494860
LAURIE A. THOMSPON, ESQUIRE
FL BAR NO.: 908339
WEINER, LYNNE & THOMPSON, P.A.
10 S.E. 1st Avenue, Suite C
Delray Beach, Florida  33444
Direct Line: 561-900-0730
Facsimile: 561-945-8779
email: bhorowitz@zonelaw.com

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80674-CIV-MARRA

DAN PRONMAN, an individual,
GARY PRONMAN, an individual,

Plaintiffs,

vs.

BRIAN STYLES, an individual et al.,

Defendants.

_____/

## JUDGMENT

Based on the order granting in part and denying in part, Defendant's motion for taxable

costs, Judgment is hereby entered on behalf of Defendant Brian Styles and against Plaintiff Dan

Pronman and Gary Pronman in the amount of $16,510.88 with post-judgment interest from May

15, 2015, at the rate of 0.23%, for which let execution issue.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 9th day of November, 2015.

KENNETH A. MARRA
United States District Judge

# EXHIBIT A

# EXHIBIT "B"

# ELECTRONIC JUDGMENT LIEN CERTIFICATE

FOR PURPOSES OF FILING A JUDGMENT LIEN, THE FOLLOWING INFORMATION IS SUBMITTED IN ACCORDANCE WITH s. 55.203, F.S..

**JUDGMENT DEBTOR (DEFENDANT) NAME(S) AS SHOWN ON JUDGMENT LIEN:**

PRONMAN, DAN
8081 NW 127TH LANE
PARKLAND, FL. 33076

PRONMAN, GARY
8267 NW 127TH LANE
PARKLAND, FL. 33076

## J15001098025
**FILED**

**Dec 08, 2015 01:50 P.M.**
**Secretary of State**
MHCAIN

**JUDGMENT CREDITOR (PLAINTIFF) NAME AS SHOWN ON JUDGMENT LIEN OR CURRENT OWNER OF JUDGMENT IF ASSIGNED:**

BRIAN STYLES
10 SE 1ST AVENUE
SUITE C
DELRAY BEACH, FL 33444
DOS DOCUMENT#: N/A

NAME AND ADDRESS TO WHOM ACKNOWLEDGMENT/CERTIFICATION IS TO BE MAILED:

BRETT J. HOROWITZ, ESQUIRE
VFOUTZ@ZONELAW.COM

AMOUNT DUE ON MONEY JUDGMENT: 16,510.88
APPLICABLE INTEREST RATE: 0.23%
NAME OF COURT: US DIST. CT.SOUTHERN DIST. FL
CASE NUMBER: 12-CV-80674-KAM
DATE OF ENTRY: 11/09/15
WAS A WRIT OF EXECUTION DOCKETED ON THIS JUDGMENT LIEN WITH ANY SHERIFF PRIOR TO OCTOBER 1, 2001?
    ( ) YES  (IF YES, A "CREDITOR AFFIDAVIT CERTIFICATION" FORM MUST BE ATTACHED TO THIS CERTIFICATE.)
    (X) NO

UNDER PENALTY OF PERJURY, I hereby certify that: (1)  The judgment above described has become final and there is no stay of the judgment or its enforcement in effect; (2)  All of the information set forth above is true, correct, current and complete; (3)  I have not previously filed a Judgment Lien Certificate regarding the above judgment with the Department of State; and, (4)  I have complied with all applicable laws in submitting this Electronic Judgment Lien Certificate for filing.

Electronic Signature of Creditor or Authorized Representative: /S/BRETT J. HOROWITZ



EXHIBIT ß

# EXHIBIT "C"

DC 11 (Rev. 11/2002) Writ of Execution

## WRIT OF EXECUTION

| UNITED STATES DISTRICT COURT | DISTRICT | Southern District of Florida |
|---|---|---|

**TO THE MARSHAL OF:**

Southern District of Florida

YOU ARE HEREBY COMMANDED, that of the goods and chattels, lands and tenements in your district belonging to:

**NAME**

Dan Pronman and Gary Pronman                  12-cv-80674-KAM

you cause to be made and levied as well a certain debt of:

| DOLLAR AMOUNT | DOLLAR AMOUNT |
|---|---|
| $16,510.88 with post interest from May 15, 2015   and at the rate of 0.23% | |

in the United States District Court for the   Southern   District of   Florida

before the Judge of the said Court by the consideration of the same Judge lately recovered against the said,

Dan Pronman and Gary Pronman

and also the costs that may accrue under this writ.

And that you have above listed moneys at the place and date listed below; and that you bring this writ with you.

| PLACE | DISTRICT   Southern District of Florida |
|---|---|
| CITY   West Palm Beach | DATE |

Witness the Honorable   Kenneth A. Marra

*(United States Judge)*

| DATE | CLERK OF COURT | |
|---|---|---|
| Dec 8, 2015 | **Steven M. Larimore** | Certified to be a true and correct copy of the document on file Steven M. Larimore, Clerk, U.S. District Court Southern District of Florida |
| | (BY) DEPUTY CLERK | By: *Autumn Sandoval* |
| | s/Autumn Sandoval | Deputy Clerk   Date: **Dec 8, 2015** |

## RETURN

| DATE RECEIVED | DATE OF EXECUTION OF WRIT |
|---|---|
| | |

This writ was received and executed.

| U.S. MARSHAL | (BY) DEPUTY MARSHAL |
|---|---|
| | |

# EXHIBIT C

# EXHIBIT "D"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-80674-cv-Marra/Matthewman

DAN PRONMAN, an Individual,
GARY PRONMAN, an Individual,
and MOVIE STAR MUSCLE CARS, INC.,
a Foreign Corporation,

      Plaintiffs,

v.

BRIAN STYLES, an Individual, and
SAMANTHA STYLES, an Individual,

      Defendants.

_____/

**AFFIDAVIT OF BRIAN STYES IN SUPPORT OF PROCEEDINGS SUPPLEMENTARY**

STATE OF FLORIDA
COUNTY OF PALM BEACH

      **BEFORE ME**, an officer authorized to take oaths, this day personally appeared Brian Styles who, being by me first duly sworn deposes and states:

1.     My name is Brian Styles and I am over the age of eighteen years of age.

2.     I have personal knowledge of the facts set forth herein, and I am the Defendant.

3.     Defendant's obtained a valid judgment against Plaintiffs, Dan Pronman and Gary Pronman which was entered on November 9, 2015 in the amount of $16,510.88 (the "Judgment") [D.E. 434].

4.     Defendant further obtained a Writ of Execution issued by this Court pursuant to the Judgment [D.E. 430].

1



5.     The Writ of Execution remains unsatisfied and is valid and outstanding.

6.     Defendant additionally obtained a Judgment Lien Certificate on December 8, 2015 which remains valid and outstanding.  A copy is attached as **Exhibit "A."**

7.     Defendant has not received satisfaction of the Judgment, writ of execution or Judgment Lien.   The entire amount of the Judgment remains unsatisfied, plus accrued interest, costs and attorneys' fees.

8.     Defendant is entitled to Proceedings Supplementary pursuant to Florida Statute section 56.29 (2015).

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
BRIAN STYLES

STATE OF FLORIDA
COUNTY OF PALM BEACH


Sworn to or affirmed and subscribed before me this _10_ day of December, 2015, by BRIAN STYLES as who is_____ personally known to me or____ produced identification. Type of identification produced_____.

VANESSA FOUTZ
Notary Public - State of Florida
My Comm. Expires Oct 14, 2018
Commission # FF 134860
Bonded Through National Notary Assn.

_____
Signature of Notary Public- State of Florida

_____
Print, Type, or Stamp Commissioned Name
Of Notary Public

2

# EXHIBIT "A"

# ELECTRONIC JUDGMENT LIEN CERTIFICATE

FOR PURPOSES OF FILING A JUDGMENT LIEN, THE FOLLOWING INFORMATION IS SUBMITTED IN ACCORDANCE WITH s. 55.203, F.S..

**JUDGMENT DEBTOR (DEFENDANT) NAME(S) AS SHOWN ON JUDGMENT LIEN:**

PRONMAN,  DAN
8081 NW 127TH LANE
PARKLAND, FL. 33076

PRONMAN,  GARY
8267 NW 127TH LANE
PARKLAND, FL. 33076

## J15001098025
**FILED**

**Dec 08, 2015 01:50 P.M.**
**Secretary of State**
MHCAIN

**JUDGMENT CREDITOR (PLAINTIFF) NAME AS SHOWN ON JUDGMENT LIEN OR CURRENT OWNER OF JUDGMENT IF ASSIGNED:**

BRIAN STYLES
10 SE 1ST AVENUE
SUITE C
DELRAY BEACH, FL 33444
DOS DOCUMENT#: N/A

NAME AND ADDRESS TO WHOM ACKNOWLEDGMENT/CERTIFICATION IS TO BE MAILED:

BRETT J. HOROWITZ, ESQUIRE
VFOUTZ@ZONELAW.COM

---

AMOUNT DUE ON MONEY JUDGMENT: 16,510.88
APPLICABLE INTEREST RATE: 0.23%
NAME OF COURT: US DIST. CT.SOUTHERN DIST. FL
CASE NUMBER: 12-CV-80674-KAM
DATE OF ENTRY: 11/09/15
WAS A WRIT OF EXECUTION DOCKETED ON THIS JUDGMENT LIEN WITH ANY SHERIFF PRIOR TO OCTOBER 1, 2001?
( ) YES  (IF YES, A "CREDITOR AFFIDAVIT CERTIFICATION" FORM MUST BE ATTACHED TO THIS CERTIFICATE.)
(X) NO

---

UNDER PENALTY OF PERJURY, I hereby certify that: (1)  The judgment above described has become final and there is no stay of the judgment or its enforcement in effect; (2)  All of the information set forth above is true, correct, current and complete; (3)  I have not previously filed a Judgment Lien Certificate regarding the above judgment with the Department of State; and, (4)  I have complied with all applicable laws in submitting this Electronic Judgment Lien Certificate for filing.

Electronic Signature of Creditor or Authorized Representative: /S/BRETT J. HOROWITZ

# EXHIBIT "E"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-80674-CV-MARRA/MATTHEWMAN

DAN PRONMAN, an individual,
GARY PRONMAN, an individual,
and MOVIE STAR MUSCLECARS, INC.,
a foreign corporation,

        Plaintiffs,

v.

BRIAN STYLES, an individual and
SAMANTHA  STYLES, an individual,

        Defendant.

_____/

## ORDER GRANTING, BRIAN STYLES' MOTION FOR PROCEEDINGS SUPPLEMENTARY

THIS CAUSE came before the Court on Defendant/Judgment Creditor, BRIAN STYLES' ("B. Styles" or "Judgment Creditor") Motion for Proceedings Supplementary (the "Motion"), and having reviewed the papers and pleadings, and being otherwise fully informed, it is:

**ORDERED AND ADJUDGED** that:

1.    The Motion is **GRANTED.** Judgment Creditor shall be permitted to proceed supplementary against Plaintiffs, Dan Pronman and Gary Pronman ("Judgment Debtors").

2.    Pursuant to Fed.R. Civ. P. 69(a) and Fla. Stat. § 56.29(2), the Judgment Debtors are hereby ordered to appear before Magistrate _____on

_____at _____to be examined under oath concerning their assets, and to show cause why the following should not be seized by the United States Marshall and sold at judicial auction to be applied toward the satisfaction of the November

1



9, 2015 Judgment against the Judgment Debtors:

- (a) Movie Star Musclecars, Inc. a/k/a Société Movie Star Musclecars, Inc.'s (Quebec Enterprise no. ("NEQ") 1161587093) ("MSMC") Corporate Stock constituting ownership of   MSMC;
- (b) various choses of action against. B. Styles including inchoate claims for Copyright Infringement as well as those presently asserted by Judgment Debtors and pending in the Broward Circuit Court in Case NO.: 09-043833 (02);
- (c) all rights arising out of and relating to the Judgment Debtors' copyright registration number VA 1-803-703 with the effective date of November 10, 2011, titled Classic Car Restoration Encyclopedia; and
- (d) any other assets identified.

3.      Pursuant to Fla. Stat. § 56.29(11), the Court reserves jurisdiction to tax costs, as well as all incidental costs determined to be reasonable and just, including, but not limited to docketing the execution, U.S. Marshall's service fees, and court reporter's fees, and reasonable attorneys' fees against the Plaintiffs/Judgment Debtors.

**DONE AND ORDERED** in Unites States Federal Court Southern District of Florida on this _____day of December, 2015

_____
United States District **Court Judge**

Copies furnished to:

BRETT J. HOROWITZ, ESQUIRE
LAURIE A. THOMSPON, ESQUIRE
WEINER, LYNNE & THOMPSON, P.A.
10 S.E. 1st Avenue, Suite C
Delray Beach, Florida  33444
Email bhorowitz@zonelaw.com
Email: lthompson@zonelaw.com

Dan Pronman
8081 N.W. 127th Lane
Parkland, Florida 33076
Email: dansmopar@aol.com

Gary Pronman
8267 NW 127th Lane
Parkland, Florida 33076
Email: gpmusclecars@aol.com

2