UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-80674-CIV-MARRA/MATTHEWMAN

DAN PRONMAN, an individual,
GARY PRONMAN, an individual,

                    Plaintiffs/Judgment Debtors,

vs.

BRIAN STYLES, an individual,

                    Defendant/Judgment Creditor.

_____/

### ORDER ON DEFENDANT BRIAN STYLES' MOTION FOR PROCEEDINGS SUPPLEMENTARY [DE 431]

**THIS CAUSE** is before the Court upon Defendant/Judgment Creditor, Brian Styles' ("Judgment Creditor") Motion for Proceedings Supplementary [DE 431]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 432. Plaintiffs/Judgment Debtors, Dan Pronman and Gary Pronman ("Judgment Debtors"), filed a Response in opposition [DE 436], to which Judgment Creditor replied [DE 438]. Judgment Debtors also filed an Amended Response in opposition [DE 439], to which Judgment Creditor replied [DE 442]. This matter is now ripe for review. The Court has reviewed the parties' submissions and the record, and is advised in the premises.

Judgment Creditor seeks to commence proceedings supplementary to execution pursuant to section 56.29, Florida Statutes and Federal Rule of Civil Procedure 69. [DE 431]. Judgment Creditor seeks to require the Judgment Debtors to be examined before the Court as to their assets, to show cause why the United States Marshal should not seize their assets for public sale

to be applied to satisfaction of the judgment, and for an award of costs and attorney's fees. *Id.* at p. 8.

Judgment Debtors argue in response that Judgment Creditor cannot be permitted to use proceedings supplementary to obtain corporate stock, copyright registrations, or choses of action. [DE 439]. They argue that to allow execution on such assets would be grossly inequitable and that any such assets should be exempt from execution. *Id.* Additionally, they cite *Sargeant v. Al-Saleh*, 137 So.3d 432 (Fla. 4th DCA 2014), for the premise that this Court has no jurisdiction over Judgment Debtors' Canadian stock certificates. *Id.*

In his reply, Judgment Creditor states that the "right to institute proceedings supplementary is absolute, and an order requiring the Plaintiff/Judgment Debtors to appear before the Magistrate to testify as to their assets is well-founded." [DE 442]. He also distinguishes the *Sargeant* case from the facts at hand on the basis that "(1) it did not construe or even consider the additional provision of the UCC advanced by Defendant which allows this Court to reach the Pronmans' stock; (2) this case is distinguishable because the issuer of the stock is before the jurisdiction of this Court; and (3) because no assets need to be brought into this state to effectuate relief, given the Pronmans have the power within this state to unilaterally cancel and reissue shares in their closely held company at will." *Id.*

Pursuant to Rule 69(a)(1), proceedings supplementary to and in aid of execution must comply with the procedure of the state where the court is located. Florida law states that a person who holds an unsatisfied judgment "may file a motion and an affidavit so stating, identifying, if applicable, the issuing court, the case number, and the unsatisfied amount of the judgment ..., and stating that the execution is valid and outstanding, and thereupon the judgment holder ... is entitled to these proceedings supplementary to execution." Fla. Stat. § 56.29(1).

2

Here, Judgment Creditor has met the jurisdictional requirements established by Fla. Stat. 56.29 by submitting an affidavit [DE 431, Exhibit D] and demonstrating that a writ of execution is valid and unsatisfied.

In light of the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Judgment Creditor's Motion for Proceedings Supplementary [DE 431] is **GRANTED IN PART**, as follows:

   a. Proceedings supplementary may be, and the same hereby are, initiated pursuant to section 56.29, Florida Statutes, and Federal Rule of Civil Procedure 69; and

   b. The Court will hold an evidentiary hearing on this matter on **Tuesday, April 26, 2016, at 1:00 p.m.**, at the United States Courthouse, 701 Clematis Street, West Palm Beach, Florida, 33401. At the hearing, Judgment Creditor may question the Judgment Debtors under oath about their assets and Judgment Creditor and Judgment Debtors may present any additional evidence, testimony, and argument relevant to Judgment Creditor's Motion. The Court will subsequently determine what further relief, if any, shall be granted to the Judgment Creditor.

2. All parties are reminded of their duty to preserve evidence that may be relevant to this action.

3. The Court will reserve judgment as to whether to grant Judgment Creditor his costs for these proceedings supplementary, as well as other reasonable and just incidental costs, as well as reasonable attorney's fees against Judgment Debtors pursuant to §

56.29(11), Florida Statutes.

**ORDERED AND ADJUDGED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 9th day of February, 2016.

WILLIAM MATTHEWMAN
United States Magistrate Judge