UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-80674-CV-MARRA/MATTHEWMAN

DAN PRONMAN, an individual,
GARY PRONMAN, an individual,
and MOVIE STAR MUSCLECARS, INC.,
a foreign corporation,

        Plaintiffs,

v.

BRIAN STYLES, an individual and
SAMANTHA STYLES, an individual,

        Defendants.

_____/

## JUDGMENT CREDITOR, BRIAN STYLES' *AMENDED* MOTION TO COMPEL PRODUCTION OF FACT INFORMATION SHEET

Pursuant to Rules 64 and 69(a)(2) of the Federal Rules of Civil Procedure and Rule 1.560(b) of the Florida Rules of Civil Procedure, Judgment Creditor, BRIAN STYLES ("B. Styles") moves this Court to compel Judgment Debtors, GARY PRONMAN and DAN PRONMAN ("Pronmans") to complete under oath and serve the Florida Rule of Civil Procedure 1.977 (the "Fact Information Sheet") and produce all required documents within forty-five (45) days. In support of B. Styles states as follows:

1. On November 9, 2015, the Court entered a Judgment [D.E. 425] against the Pronmans and in favor of B. Styles. The Order awarded B. Styles $16,510.88 in costs against the Pronmans and ordered that "execution issue."

2. The Pronmans have not satisfied any portion of the Judgment award set forth in the Order; the entire amount remains outstanding.

1

3.      Pursuant to Rules 64 and 69(a)(2) of the Federal Rules of Civil Procedure, B. Styles is entitled to utilize the judgment collection remedies available under Florida law. Pursuant to Rule 1.560(b) of the Florida Rules of Civil Procedure, a judgment debtor may be ordered, in aid of execution, to complete the Fact Information Sheet and to provide documents required thereunder, within forty-five (45) days.    A copy of the Fact Information Sheet is attached hereto as **Exhibit 1.**

4.      B. Styles further requests that Dan Pronman complete the separate spouse section. A judgment creditor is entitled to spousal information "upon a showing that a proper predicate exists for discovery of separate income and assets of the judgment debtor's spouse." Fla. R. Civ. P. 1.560(d).  This is routinely provided where "discovery of the separate income and assets of [the Judgment Debtors'] spouses is necessary to ascertain ownership and rights to joint assets or accounts and make an accurate accounting of [Judgment Debtors'] income and assets.  *Discover Bank v. Oats*, 2015 Fla. Cir. LEXIS 47656, *6 (Fla. 11th Cir. Ct. June 17, 2015) attached as **Exhibit 2.**  In this particular case, Dan Pronman took $80,000.00 of a $150,000.00 business loan to him and his brother and paid down the home equity line on his wife's solely owned residence.  See **Exhibit 3.**

5.      Consequently, the co-mingling by Dan Pronman mandates a certain latitude into discovery; otherwise, a Judgment Debtor would be permitted to shield all his money in his wife's name and then, by preventing discovery, conceal the fraudulent transfer.  Given the known transfer of $80,000.00, a proper predicate has been shown. As an additional reason, respective salaries need to be compared to determine the applicability of any "head of household" assertion that Dan Pronman might otherwise assert.  § 222.11, Fla. Stat.  In

2

the absence of comparative salary information, the applicability of this exemption cannot be assessed.

6.      Accordingly, B. Styles requests that the Court order the Pronmans to complete under oath and deliver the Fact Information Sheet (including the spousal section) and all required documents within forty-five days, in accordance with Florida Rule of Civil Procedure 1.560(b), as made applicable by Rules 64 and 69(a)(2) of the Federal Rules of Civil Procedure.  This Court has previously authorized identical relief in other collection matters. E.g., **Exhibit 4.**

**WHEREFORE,** Judgment Creditor, BRIAN STYLES respectfully requests that the Court enter an order granting this motion, ordering Judgment Debtors, GARY PRONMAN and DAN PRONMAN to complete the Fact Information Sheet and furnish all required documents therewith within forty-five (45) days, and granting any additional relief that the Court deems just and proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion, in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on ___20___day of July, 2016, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system.  I also certify that the foregoing document is being served this day via Email on *Pro Se* Plaintiffs, Dan

3

Pronman, dansmopar@aol.com, 8081 N.W. 127th Lane, Parkland, Florida 33076; and Gary

Pronman, gpmusclecars@aol.com, garypron@aol.com, 8267 NW 127th Lane, Parkland,

Florida 33076.

/s/BRETT J. HOROWITZ
BRETT J. HOROWITZ, ESQUIRE
FL BAR NO.: 494860
LAURIE A. THOMSPON, ESQUIRE
FL BAR NO.: 908339
**WEINER & THOMPSON, P.A.**
10 S.E. 1st Avenue, Suite C
Delray Beach, Florida  33444
Direct Line: 561-900-0730
Facsimile: 561-945-8779
email: bhorowitz@zonelaw.com
email: lthompson@zonelaw.com

4

# EXHIBIT "1"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 12-80674-CV-MARRA/MATTHEWMAN

DAN PRONMAN, an individual,
GARY PRONMAN, an individual,
and MOVIE STAR MUSCLECARS, INC.,
a foreign corporation,

        Plaintiffs,

v.

BRIAN STYLES, an individual and
SAMANTHA  STYLES, an individual,

        Defendants.

_____/

**FACT INFORMATION SHEET**

Full Legal Name:

_____

Nicknames or Aliases:

_____

Residence Address:

_____

Mailing Address (if different:

_____

Telephone Numbers: (Home) _____ (Business)

_____

Name of Employer: _____

Address of Employer: _____

Position or Job Description: _____

Rate of Pay: $_____ per _____. Average Paycheck: $_____ per

_____

Average Commissions or Bonuses: $_____ per _____. Commissions or bonuses are based on

_____

Other Personal Income: $_____ from _____

(Explain details on the back of this sheet or on an additional sheet if necessary.)

Social Security Number: _____ Birth date:



EXHIBIT

Driver's License Number: _____

Marital Status: _____ Spouse's Name: _____

*Spouse Related Portion*

**Spouse's Address** (if different): _____

Spouse's Social Security Number: _____ Birthdate: _____

Spouse's Employer: _____

Spouse's Average Paycheck or Income: $_____ per _____

Other Family Income: $_____ per _____ (Explain details on back of this sheet or on an additional sheet if necessary.)

Describe all other accounts or investments you may have, including stocks, mutual funds, savings bonds, or annuities, on the back of this sheet or on an additional sheet if necessary.

Names and Ages of All Your Children (and addresses if not living with you): _____

Child Support or Alimony Paid: $_____ per _____

Names of Others You Live With: _____

Who is Head of Your Household? ___ You ___ Spouse ___ Other Person

Checking Account at: _____ Account #_____

Savings Account at: _____ Account #_____

For Real Estate (land) You Own or Are Buying:

Address: _____

All Names on Title: _____

Mortgage Owed to: _____

Balance Owed: _____

Monthly Payment: $_____

(Attach a copy of the deed or mortgage, or list the legal description of the property on the back of this sheet or on an additional sheet if necessary. Also provide the same information on any other property you own or are buying.)

For All Motor Vehicles You Own or Are Buying:

Year/Make/Model: _____ Color:

_____

Vehicle ID No: _____ Tag No: _____ Mileage:

_____

Names on Title: _____ Present Value:

$_____

Loan Owed to: _____

Balance on Loan: $_____

Monthly Payment: $_____

(List all other automobiles, as well as other vehicles, such as boats, motorcycles, bicycles, or aircraft, on the back of this sheet or on an additional sheet if necessary.)

Have you given, sold, loaned, or transferred any real or personal property worth more than $100 to any person in the last year? If your answer is "yes," describe the property, market value, and sale price, and give the name and address of the person who received the property.

Does anyone owe you money? Amount Owed:

$_____

Name and Address of Person Owing Money:

_____

Reason money is owed: _____

Please attach copies of the following:

    a. Your last pay stub.
    b. Your last 3 statements for each bank, savings, credit union, or other financial account.
    c. Your motor vehicle registrations and titles.
    d. Any deeds or titles to any real or personal property you own or are buying, or leases to property you are renting.
    e. Your financial statements, loan applications, or lists of assets and liabilities submitted to any person or entity within the last 3 years.
    f. Your last 2 income tax returns filed.

**UNDER PENALTY OF PERJURY, I SWEAR OR AFFIRM THAT THE FOREGOING ANSWERS ARE TRUE AND COMPLETE.**

_____

Judgment Debt

STATE OF FLORIDA

COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of _____, (year ..... ), by _____, who is personally known to me or has produced ............... as identification and who ..... did/did not ..... take an oath.

WITNESS my hand and official seal, this _____ day of _____, (year _____ ).

_____

Notary Public
State of Florida
My Commission expires: ..........

**THE JUDGMENT DEBTOR SHALL FILE WITH THE CLERK OF THE COURT A NOTICE OF COMPLIANCE AFTER THE ORIGINAL FACT INFORMATION SHEET, TOGETHER WITH ALL ATTACHMENTS, HAS BEEN DELIVERED TO THE JUDGMENT CREDITOR'S ATTORNEY, OR TO THE JUDGMENT CREDITOR IF THE JUDGMENT CREDITOR IS NOT REPRESENTED BY AN ATTORNEY.**

# EXHIBIT "2"

As of: July 20, 2016 10:18 AM EDT

# Discover Bank v. Oats

Circuit Court of the Eleventh Judicial Circuit of Florida, Dade County

June 17, 2015, Filed

CASE NO.: 14-3501 CA

**Reporter**
2015 Fla. Cir. LEXIS 47656

DISCOVER BANK, Plaintiff, vs. KENNETH A. OATS a/k/a KENNETH A. PINARGOTE, et. al., Defendants.

**Counsel:** [*1] Mark Edelson, Esquire, Goldman & Goldman, P.A., Lutherville Maryland, Attorneys for Plaintiff.

## Opinion

### PLAINTIFF'S MOTION FOR SUMMARY FINAL JUDGMENT

Plaintiff, Discover Bank ("Discover Bank"), by its undersigned attorneys, hereby moves the Court, pursuant to Florida Rule of Civil Procedure 1.510, for Summary Final Judgment on all counts of Plaintiffs Complaint, because there is no genuine issue as to any material fact and Plaintiff is entitled to judgment as a matter of law. In support of the Motion, Discover Bank incorporates, as though fully set forth herein, all prior pleadings and attached exhibits incorporated therein, and the Affidavit of Debt and Affidavit of Non-Military Service filed herewith, and states as follows:

### Undisputed Facts

1. Discover Bank and Defendants, Kenneth A. Oats a/k/a Kenneth A. Pinargote ("Oats") and Joaquin L. Sawers ("Sawers"), herein are parties to the Student Loan Agreement (the "Loan Agreement"), pursuant to which Discover Bank opened Student Loan Account No. [NUMBER REDACTED BY COURT] (the "Student Loan Account") for Oats and funded a Student Loan to Oats. See Complaint, Exhibit A.

2. Pursuant to the Loan Agreement, Oats is required to pay the amount financed, in installments specified in the coupon [*2] book issued by Discover Bank to Oats, with interest, at the annual percentage rate set forth in the Truth in Lending Disclosure Statement. See Complaint, Exhibits A and C.

3. Pursuant to the Co-Signer Addendum, Sawers is jointly and severally liable with Oats for any and all amounts that are unpaid under the Loan Agreement. Id.

4. The Loan Agreement further provides that a default occurs whenever Oats fails to pay any amounts due by the payment due date specified in the coupon book. See Complaint, Exhibit A.

5. Oats defaulted under the Loan Agreement by failing to pay the monthly payment pursuant to the Student Loan Account issued to Oats. See Complaint, Exhibit C.

6. Upon default, Discover Bank may declare all amounts due under the Loan Agreement to be immediately due and payable. The Loan Agreement also provides for the payment of costs and reasonable attorney's fees upon default. See Complaint, Exhibit A.

Breach of Loan Agreement-Oats

7. Pursuant to the Loan Agreement, Oats is liable for the amount financed as reflected by the Student Loan Account, plus interest, collection costs, and reasonable attorney's fees as specified in the Loan Agreement. See Complaint, Exhibit A.

8. Oats has failed [*3] to pay the amount due on the Student Loan Account within the time specified in the Loan Agreement, which amounts total $32,353.18 as of May 26, 2015.

9. As a result of Oats' default, Discover Bank has declared immediately due and payable all obligations payable to Discover Bank under the Loan Agreement.

10. Discover Bank, in an effort to collect the unpaid amounts due from Oats, has referred the matter to an outside attorney for collection.

11. By reason of the foregoing, Oats is liable to Discover Bank in the amount of $32,353.18, plus court costs of $310.00, pursuant to the Loan Agreement.

Unjust Enrichment-Student Loan Account-Oats



EXHIBIT 2

2015 Fla. Cir. LEXIS 47656, *3

12. Discover Bank repeats and realleges each and every allegation contained in all of the foregoing paragraphs as though fully set forth herein.

13. Oats has benefited from the amount financed pursuant to the Student Loan Account, has acknowledged receipt of those benefits, and has voluntarily accepted and retained the benefits from such charges, without paying therefor, such that it would be inequitable for Oats to retain the benefits without paying the value thereof to Discover Bank. See Shands Teaching Hosp. & Clinics. Inc. v. Beech St. Corp.. 899 So. 2d 1222, 1227 (Fla. 1st DCA 2005); Hillman Constr. Corp. v. Wainer. 636 So.2d 576, 577 (Fla. 4th DCA 1994); Rite-Way Painting & Plastering. Inc. v. Tetor. 582 So.2d 15, 17 (Fla. 2d DCA 1991).

14. Accordingly, Oats has been unjustly enriched to the detriment [*4] of Discover Bank.

15. By reason of the foregoing, Oats is liable to Discover Bank in the amount of $32,353.18, plus court costs of $310.00, pursuant to the Loan Agreement.

### Breach of Loan Agreement-Sawers

16. Discover Bank repeats and realleges each and every allegation contained in all of the foregoing paragraphs as though fully set forth herein.

17. Pursuant to the Promissory Note as incorporated through the Co-Signer Addendum, Sawers is liable for all amounts unpaid by Oats, including the amount financed as reflected by the Student Loan Account, plus interest, collection costs, and reasonable attorney's fees as specified in the Promissory Note.

18. Oats has failed to pay the amount due on the Student Loan Account within the time specified in the Loan Agreement, which amounts total $32,353.18 as of May 26, 2015.

19. As a result of Oats' default, Discover Bank has declared immediately due and payable all obligations payable to Discover Bank from Sawers.

20. Discover Bank, in an effort to collect the unpaid amounts due from Sawers, has referred the matter to an outside attorney for collection.

21. By failing to pay Discover Bank the total amount due and owing under the Promissory Note, Sawers [*5] has materially breached the terms of the Promissory Note as incorporated by the Co-Signer Addendum.

22. Accordingly, Sawers is jointly and severally liable to Discover Bank in the amount of $32,353.18, plus interest, court costs, and reasonable attorney's fees pursuant to the Promissory Note and the Co-Signer Addendum. See Complaint, Exhibit A.

23. By reason of the foregoing, Sawers is liable to Discover Bank in the amount of $32,353.18, plus court costs of $310.00, pursuant to the Loan Agreement.

### Argument

24. Summary judgment is appropriate whenever the movant demonstrates that it is entitled to judgment as a matter of law, and the pleadings and summary judgment evidence show that there is "no genuine issue as to any material fact." Florida Rule of Civil Procedure 1.510(c); Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000) ("Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law.").

25. The foregoing paragraphs, previously filed pleadings and exhibits, and attached Affidavit of Debt demonstrate that there is no genuine issue as to any material fact and that Discover Bank is entitled to judgment as a matter of law.

26. Pursuant to Rule 1.560(c), Discover Bank requests that the Court, upon entry of Final [*6] Summary Judgment, require Oats and Sawers to complete Florida Rule of Civil Procedure Form 1.977, Fact Information Sheet ("Fact Information Sheet"), including all required attachments, within 45 days of the order or such other reasonable time as determined by the Court.

27. Also, Discover Bank requests that the Court include the additional Spouse Related Portion of the Fact Information Sheet, as discovery of the separate income and assets of Oats and Sawers's spouses is necessary to ascertain ownership and rights to joint assets or accounts and make an accurate accounting of Oats and Sawers's income and assets.



WHEREFORE, Plaintiff, Discover Bank, respectfully requests.

A. That the Court enter an order granting Summary Final Judgment in Plaintiffs favor and against Defendants, Kenneth A. Oats a/k/a Kenneth A. Pinargote and Joaquin L. Sawers, jointly and severally, in the amount of $32,353.18 plus court costs in the amount of $310.00, pursuant to Student Loan Account No. [NUMBER REDACTED BY COURT] and

B. That the final judgment include the following Final Judgment Enforcement Paragraph in the final judgment, as provided by Florida Rule of Civil Procedure 1.560(c):

"That it is further ordered and adjudged that the judgment

2015 Fla. Cir. LEXIS 47656, *6

debtor(s) shall complete under oath Florida Rule of Civil Procedure Form 1.977 (Fact Information [*7] Sheet), including the Spouse Related Portion and all required attachments, and serve it on the judgment creditor's attorney, or the judgment creditor if the judgment creditor is not represented by an attorney, within 45 days from the date of the final judgment, unless the final judgment is satisfied or post-judgment discovery is stayed. Failure to obey the Order may be considered contempt of court.

Jurisdiction of the case is retained to enter further orders that are proper to compel the judgment debtor(s) to complete form 1.977, including all required attachments, and serve it on the judgment creditor's attorney, or the judgment creditor if the judgment creditor is not represented by an attorney."

**Exhibit A**







# EXHIBIT "3"



**RBC Bank**  RBC Bank (Georgia), N.A
PO Box 1880
Cranberry TWP, PA 16066

Return Service Requested

Home Equity Line of Credit **Statement For:**
Ronabeth Pronman
Daniel Pronman

Statement Period  December 17, 2013 - January 16, 2014
Days in Statement Period  31 days
Page 2 of 3

## Detailed Account Activity

| Transaction Date | Post Date | Description | Amount |
|---|---|---|---|
| | | **Payments and Credits** | |
| 12/17/2013 | 12/16/2013 | Payment for 12/10/2013 | $80,090.00 |
| | | Principal | 79,460.54 |
| | | Interest | 607.63 |
| | | Late Charge | 15.00 |
| | | Fee | 7.83 |
| 12/23/2013 | 12/23/2013 | Payment for 01/10/2014 | $18,100.00 |
| | | Principal | 16,087.41 |
| | | Interest | 12.59 |
| | | Late Charge | 0.00 |
| | | Fee | 0.00 |
| | | **Advances** | |
| 12/17/2013 | 12/17/2013 | Requested transfer to RC account | 10,000.00 |
| 12/24/2013 | 12/24/2013 | DISBURSEMENT | 16.00 |
| 12/24/2013 | 12/24/2013 | Requested transfer to RC account | 50.00 |
| 12/27/2013 | 12/27/2013 | DISBURSEMENT | 6.44 |
| | | **Interest Charged the Period** | |
| | | Total Interest Charged This Period | $11.86 |
| | | **Fees Charged the Period** | |
| 12/17/2013 | 12/16/2013 | Payment for 12/10/2013 | 15.00 |
| 12/17/2013 | 12/16/2013 | Payment for 12/10/2013 | 7.83 |
| | | Total Fees | $0.00 |

## Interest Charge Calculation

Your Annual Percentage Rate (APR) is the annual interest rate on your account

| Balance Type | Daily Periodic Rate | Annual Percentage Rate (APR) | Balance Subject To Interest Rate | Interest Charges |
|---|---|---|---|---|
| Home Equity Line of Credit | 0.013399% | 4.90% (v) | $3,658.07 | $11.85 |

(v) - Variable Rate

EXHIBIT

3

# EXHIBIT "4"

Case 9:12-cv-80674-KAM   Document 507   Entered on FLSD Docket 07/20/2016   Page 17 of 18
Case 9:12-cv-80674-KAM   Document 504   Entered on FLSD Docket 07/19/2016   Page 8 of 9
Case 9:00-cv-08552-KLR   Document 95   Entered on FLSD Docket 05/13/2013   Page 1 of 2

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

Case No. 00-8552-CIV-RYSKAMP/HOPKINS

ASSOCIATION FOR DISABLED AMERICANS,
INC., *et al.*,

     Plaintiffs,

v.

DINETTE SHOWCASE, INC., d/b/a Dinette Lady,

     Defendant.

_____/

### ORDER GRANTING MOTION TO COMPEL PRODUCTION OF FACT INFORMATION SHEET

THIS CAUSE comes before the Court pursuant to non-party Pebb Enterprises Shoppes of Delray Ltd.'s ("Pebb") motion to compel production of fact information sheet, filed April 15, 2013 **[DE 92]**. No response to the motion has been filed, and the time allotted for the filing of a response has expired.

On March 15, 2013, the Court entered its sanctions order wherein it required William Charouhis, Esq. to remit to Pebb the amount of $17,272.50, which represent Pebb's reasonably incurred attorneys' fees for the dates February 14, 2012 through December 14, 2012. The order provided that execution shall issue forthwith. Charouhis has not satisfied any portion of the sanctions award.

Pursuant to Fed.R.Civ.P. 64 and 69(a)(2), Pebb may use judgment collection remedies available under Florida law. Pursuant to Fla.R.Civ.P. 1.560(b), a judgment debtor may be ordered, in aid of execution, to complete a Fact Information Sheet and to provide documents required thereunder, within forty-five days. Pebb requests that the Court order Charouhis to



EXHIBIT

Case 9:12-cv-80674-KAM   Document 507   Entered on FLSD Docket 07/20/2016   Page 18 of 18
Case 9:12-cv-80674-KAM   Document 504   Entered on FLSD Docket 07/19/2016   Page 9 of 9
Case 9:00-cv-08552-KLR   Document 95   Entered on FLSD Docket 05/13/2013   Page 2 of 2

2

complete under oath and deliver the Fact Information Sheet and all required documents within

forty-five (45) days, in accordance with Florida Rule of Civil Procedure 1.560(b).  It is hereby

ORDERED AND ADJUDGED that the motion is GRANTED.  Charouhis is ordered to

complete under oath and deliver the Fact Information Sheet and all required documents in

accordance with Fla.R.Civ.P. 1.560(b) within 45 days of the date of this order.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 13th day of

May, 2013.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE