UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80674-CIV-MARRA/MATTHEWMAN

DAN PRONMAN, an individual,
GARY PRONMAN, an individual,

    Plaintiffs,

v.

BRIAN STYLES, an individual,

    Defendant.
_____/



FILED by ___ D.C.

OCT 03 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT FOR APPELLATE ATTORNEYS' FEES [DE 502]

THIS CAUSE is before the Court upon Defendant, Brian Style's ("Defendant") Motion for Entry of Judgment for Appellate Attorneys' Fees ("Motion") [DE 502]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 503. Plaintiffs, Gary Pronman and Dan Pronman ("Plaintiffs"), have filed a Response to the Motion [DE 511], and Defendant has filed a Reply [DE 513]. This matter is now ripe for review.

## BACKGROUND

On June 6, 2016, the Eleventh Circuit Court of Appeals issued an Order granting Defendant's Amended Motion for Attorneys' Fees, which Defendant filed with the Eleventh Circuit, solely as to the issue of entitlement and transferring "Appellees' amended motion for attorney's fees to the District Court for its consideration of the reasonable amount of appellate attorney's fees to be awarded to Appellees." *See* DE 502-1.

On July 15, 2016, Defendant filed a Motion for Entry of Judgment for Appellate

1

Attorneys' Fees [DE 502] with this Court. Defendant attached to his Amended Appellees' Motion for Attorneys' Fees [DE 502-2], a copy of the motion filed with the Eleventh Circuit, in which he sought fees under the Copyright Act (17 U.S.C. § 505). Defendant sought in that motion an appellate attorney's fee award in the amount of $22,409.50.

In their response to Defendant's Motion for Entry of Judgment for Appellate Attorneys' Fees [DE 502], Plaintiffs rely on *Fox v. Vice*, 563 U.S. 826, 131 S.Ct. 2205 (2011), for the premise that, when a plaintiff has filed frivolous and non-frivolous claims, a court may grant reasonable fees to the defendant only for the costs that the defendant would not have incurred but for the frivolous claim(s). [DE 511, p. 2]. Plaintiffs argue that, in Defendant's initial motion for attorney's fees filed with the Eleventh Circuit, Defendant's counsel "were attempting to charge to the Appellants between 25-35% more than they charge their client. This obvious fraud on the court should be taken into consideration and the court should grant zero fees because of this egregious action." *Id.* Plaintiffs contend that Defendant's counsel's billing records are improper, contain block billing, and are vague and ambiguous. *Id.* at p. 3.

In reply, Defendant first argues that "the Eleventh Circuit was presented with and rejected the Pronmans' argument that the lack of apportionment of fees amongst the various claims should limit B. Styles' recovery. Rather, presented with its own precedent about commingling and its effect on an award of fees, the Eleventh Circuit entered an order granting B. Styles' entitlement." [DE 513, p. 1]. Defendant emphasizes that the Eleventh Circuit's Order is not "limited, partial, or qualified in any respects." *Id.* Next, Defendant explains that there was no fraud on the Eleventh Circuit and that the Eleventh Circuit has already accepted the Amended Motion for Attorneys' Fees as proper and has ruled on it as to entitlement. *Id.* at p. 2. Finally, Defendant argues that his counsel's billing is proper, and, even if it is not, a 10 to 20 percent discount would be the proper

2

remedy. *Id.*

## DISCUSSION

A reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (*quoting Blum v. Stenson*, 465 U.S. 886, 888 (1994)). This "lodestar" may then be adjusted for the results obtained by the attorney. *See Barnes*, 168 F.3d at 427 (*citing Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)). "In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 1350 n. 2 (citation omitted).

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (*quoting Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F.3d at 427. The Court may use its own experience in assessing the reasonableness of attorney's fees. *Norman*, 836 F.2d at 1299.

With regard to the type of evidence that the fee claimant should produce in support of a claim, in *Barnes*, the Eleventh Circuit has stated,

> The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303.  That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id.* (citations omitted).

168 F.3d at 427.

In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F.3d at 428 (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants do not exclude "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the court must exercise billing judgment for them.  See *Barnes*, 168 F.3d at 428 (*quoting Norman*, 836 F.2d at 1301 (*emphasis in original*)). The burden rests on the movant to submit a request for fees that will enable the court to determine how much time was reasonably expended.  *Loranger*, 10 F.3d at 782.

### I.   COUNSEL'S HOURLY RATE

In seeking reimbursement for its attorney's fees, Defendant relies on the billing records of his attorneys, Laurie A. Thompson, Esq., who charges $300 an hour, and Brett J. Horowitz, Esq., who charges $290 per hour, as well as on the billing records of Vanessa Foutz, a paralegal who charges $75 an hour.  [DE 502-2]

In the March 15, 2016 Report and Recommendation on Defendant's Motion for Attorney's Fees [DE 453], relating to the attorney's fees in the trial court case, the undersigned determined

that a rate of $290 was appropriate for Mr. Horowitz, a rate of $100 was appropriate for Ms. Foutz, and a rate of $200 was appropriate for Ms. Thompson. The Report and Recommendation was later affirmed by the District Judge. *See* DE 457. Therefore, for the reasons provided in the Court's prior Report and Recommendation [DE 453], Mr. Horowitz's and Ms. Foutz's rates of $290 and $75, respectively, should clearly be found to be reasonable.

With regard to Ms. Thompson, Ms. Thompson is a partner at her law firm and has been practicing the law for 25 years. [DE 502-4, p. 6]. Defendant explained to the Eleventh Circuit in his reply in support of his amended motion for attorneys' fees that the "increase in fees from the discounted $200.00 per hour charged in the District Court to $300.00 per hour charged on appeal (essentially the removal of a discount) is of no moment…$300.00 per hour is manifestly reasonable for a 25 year practicing attorney before the Eleventh Circuit, irrespective of the fact she previously agreed to bill Appellee less for work in a different forum due to the volume of work generated in that forum." *Id.* Having considered the information contained in Defendant's Motion and its attachments, the fact that Plaintiffs do not object to the rates sought, and the *Johnson* factors, and based upon the Court's own knowledge and experience, the Court concludes that Mr. Thompson's billing rate of $300 is reasonable, especially since the Court previously found a rate of $290 reasonable for a less experienced attorney in the same law firm.

Therefore, the Court concludes that the rates sought by Defendant are reasonable. Therefore, this Court **RECOMMENDS** that the District Court find that Ms. Thompson's rate of $300 an hour, Mr. Horowitz's old rate of $290 per hour, and Ms. Foutz's rate of $75 per hour be accepted as reasonable.

## II. NUMBER OF HOURS REASONABLY EXPENDED

### A. *Fox v. Vice*

When the Court previously had to determine the proper attorney's fees award for attorney's fees incurred by defense counsel during the litigation of this case in District Court, the Court did consider the Supreme Court's *Fox v. Vice*, *supra*, opinion cited by Plaintiffs as having some applicability. *See* DE 453. However, that was in a different context in which the Court was awarding fees as to one count of a ten count complaint. In the present posture, Plaintiffs took an appeal from the Court's final judgment, and the Eleventh Circuit affirmed. Under such circumstances, there is no apportionment issue. Plaintiffs took one appeal, and the Eleventh Circuit deemed the appeal to be frivolous and determined that Defendant was entitled to attorney's fees incurred during the appellate proceedings. Therefore, the Court will not apply *Fox v. Vice* in the context of appellate attorney's fees. Defendant is entitled to all reasonable attorney's fees incurred during the appellate proceedings.

### B. Billing Deficiencies

The Court has carefully reviewed the billing records submitted by Defendant. *See* DE 502-5. Ms. Thompson billed 17 hours, Mr. Horowitz billed 53.3 hours, and Ms. Foutz billed 24.7 hours in the appellate proceedings. The Court finds that many of these hours were unreasonable or improper, however, and should not be recovered by Defendant.

First, defense counsel improperly billed for clerical tasks. "A court may award fees for the work of paralegals, but 'only to the extent that [they] perform work traditionally done by an attorney.' By contrast, 'work that is clerical or secretarial in nature is not separately recoverable.'" *Hansen v. Deercreek Plaza, LLC*, 420 F.Supp.2d 1346, 1353 (S.D. Fla. 2006) (quoting *Scelta v. Delicatessen Support Servs., Inc.*, 203 F.Supp.2d 1328, 1334 (M.D. Fla. 2002)).

6

In this case, Defendant's counsel billed for a vast number of secretarial tasks such as, but not limited to, printing and scanning, uploading and filing documents with the Eleventh Circuit, preparing cover sheets, mailing documents, calendaring dates, and preparing tabs. The time spent on these clerical tasks is not recoverable.

Second, the Court finds that the billing records submitted by defense counsel evidence a plethora of block billing. This is not permissible because it prevents the Court from determining which portion of the fees billed on a particular date is recoverable and which is not. For example, the billing entry from August 26, 2015, from Invoice 41338, states as follows:

> Various telephone call [sic] to clerk regarding procedure issues. Search on line [sic] for Rules for procedure. Draft and preparation of Cover sheet, Certificate of Service, Certificate of Interests [sic] Person. Make changes to Response in Opposition to Appellants Motion to Set Aside. Print and scan and attached [sic] exhibit. Sign on to the 11th Circuit, follow prompts, upload Response and file with clerk of court. Serve Appellants by Email. Copy and Mail to 11th Circuit.

[DE 502-5, p. 10]. In this particular block billing entry and in many others, some of the tasks described are clerical in nature. As so many of the entries involve block billing, the Court cannot determine the amount of time that specifically was spent on clerical tasks—or on other tasks that are not recoverable—versus on legitimate legal tasks. Consequently, the Court will reduce the number of hours billed, as explained below.

Third, if a court finds particular hours claimed by an attorney to be "excessive or unnecessary," the court may reduce the number of hours in calculating the fee award. *Florida Patient's Compensation Fund v. Rowe*, 472 So.2d 1145, 1150 (Fla. 1985). The Court has reviewed Defendant's counsel's billing records [DE 502-5] and finds that much of the legal work carried out by Defendant's law firm was excessive or unnecessary. For example, there are several entries that include reviewing the appellate rules by both attorneys. At some point reviewing the

7

Rules should have become unnecessary. Furthermore, it appears that Defendant's counsel and paralegal billed 2.1 hours just to draft and file an extremely simple certificate of interested persons form. Plaintiffs should not be penalized for Defendant's counsel's lack of familiarity with the appellate process.

Another example of excessive hours is that, after the appeal was first filed, Mr. Horowitz spent 0.7 hours over a two-day period reviewing "transcript declination," reviewing the applicable filing rules, and reviewing the rules for filing briefs and "requisite covers." In this same time period, Ms. Thompson billed 1.0 hours simply reviewing the documents submitted by Plaintiffs to the Eleventh Circuit. The attorneys later billed even more time reviewing the same rules and appellate brief.

Furthermore, many of defense counsel's hours are duplicative. One example of duplicative billing is that Mr. Horowitz spent 1.0 hours reviewing Plaintiffs' appellate brief on July 31, 2015, and then Ms. Thompson spent 2.0 hours reviewing and analyzing the same brief on August 6, 2015. A second example is that Ms. Foutz billed 0.6 hours researching the rule on extensions, contacting the Eleventh Circuit, requesting an extension, and calendaring the extension after it was granted. Then, Mr. Horowitz billed 0.3 hours for reviewing the rules and obtaining an extension. A third example is that, after Mr. Horowitz had spent many hours working on the appellate brief, Ms. Thompson spent an additional 3.5 hours revising and editing it.

"When a district court finds the number of hours claimed is unreasonably high, the court has two choices; it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins*, 548 F.3d at 1350 (citing *Loranger*, 10 F.3d at 783). Here, Defendant has not met its burden of establishing entitlement to and documentation of all of the hours billed, as required. Much of the time billed is excessive, redundant, and/or constitutes

secretarial work, and many of the billing entries constitute block billing which precludes the Court from separating the legitimate billing entries from the illegitimate billing entries. Therefore, the Court finds that an across-the-board reduction is appropriate in this case. Defendant advocates for a 10-20% across-the-board cut; however, the Court thinks a larger reduction is necessary. The Court finds that a 50% reduction is appropriate to account for the large amount of block billing, clerical work, and unnecessary and excessive billing during the appellate proceedings.[1] Thus, Defendant is entitled to $11,204.75 in appellate attorney's fees.

## CONCLUSION

In light of the foregoing, the Court **RECOMMENDS** that the District Court award Defendant Brian Styles his appellate attorney's fees in the amount of $11,204.75.

## NOTICE OF RIGHT TO OBJECT

A party shall file written objections, if any, to this Report and Recommendation with United States District Judge Kenneth A. Marra within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). Failure to object to this Report and Recommendation within that time period waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. 11th Cir.R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 3rd day of October, 2016.

WILLIAM MATTHEWMAN
United States Magistrate Judge

---

[1] It should be noted that, despite the Court's admonitions about Defendant's counsel's billing practices in the prior Report and Recommendation on attorney's fees, Defendant's counsel continued to partake in improper billing practices during the appellate proceedings.

9