UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-80674-CIV-MARRA/MATTHEWMAN

DAN PRONMAN, an individual,
GARY PRONMAN, an individual,

    Plaintiffs/Judgment Debtors,

vs.

BRIAN STYLES, an individual,

    Defendant/Judgment Creditor.

_____/



FILED by _____ D.C.

NOV 0 8 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER REGARDING PLAINTIFFS/JUDGMENT DEBTORS' MOTION FOR RECONSIDERATION [DE 532]

**THIS CAUSE** is before the Court upon Plaintiffs/Judgment Debtors, Dan Pronman and Gary Pronman's ("Plaintiffs") Motion for Reconsideration and Objection to the Magistrates [sic] Report and Recomendations [sic] for Appelate [sic] Fees ("Motion") [DE 532]. On October 3, 2016, the undersigned entered a Report and Recommendation on Defendant's Motion for Entry of Judgment for Appellate Attorneys' Fees [DE 530]. The Court recommended that the District Court award Defendant/Judgment Creditor ("Defendant") Brian Styles his appellate attorney's fees in the amount of $11,204.75. *Id.* On October 18, 2016, Plaintiffs filed their Motion [DE 532]. The Motion appears to be a hybrid motion for reconsideration and objection to the Report and Recommendation. Defendant filed his Response [DE 533] on October 19, 2016. Plaintiffs did not file a timely reply. To the extent the Motion is a motion for reconsideration, it must be denied as detailed below.

Plaintiffs argue that the Court must reconsider its Report and Recommendation in order to correct clear error and manifest injustice since Defendant himself "only requested relief for fees on the Copyright portion of the appeal." [DE 532, p. 2]. According to Plaintiff, "[t]he Appellee motion requesting appellate fees only on the Copyright claim which caused the Appellants' [sic] to file a [sic] opposition brief defendant only on that claim (Exhibit 3). To allow for fees on all appellate claims when Styles didn't request them and the Pronman's [sic] never defended against them is clearly the manifest justice the rule protects against." *Id.*

In order to prevail on a motion for reconsideration, the moving party "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should raise new issues, not merely address issues litigated previously." *Instituto de Prevision Militar v. Lehman Bros.*, 485 F.Supp.2d 1340, 1343 (S.D.Fla.2007) (quoting *Socialist Workers Party v. Leahy*, 957 F.Supp. 1262, 1263 (S.D.Fla.1997)). The three grounds warranting reconsideration that courts have articulated are: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice. *Id.*

In Defendant's Amended Motion for Attorneys' Fees before the Eleventh Circuit Court of Appeals [DE 502-2, p. 7], Defendant argued that, even though he was filing his motion under the Copyright Act, all of Plaintiffs' claims were inextricably intertwined and involved a common core of facts or were based on related legal theories. Defendant also argued that apportionment was impractical. *Id.* In Plaintiffs' Opposition to Appellee Fees Motion [DE 502-3], they argued that *Fox v. Vice*, 563 U.S. 826, 131 S.Ct. 2205 (2011), should be applied and the "but for" test created by that case should be employed. In Defendant's Reply to the Eleventh Circuit, he further

2

contended that "any division or apportionment of the fees incurred on appeal is impracticable." [DE 502-4, p. 4].

The Eleventh Circuit ordered as follows: "Appellees' amended motion for appellate attorneys' fees is GRANTED AS TO ENTITLEMENT.  On its own motion, this Court TRANSFERS Appellees' amended motion for attorney's fees to the District Court for its consideration of the reasonable amount of appellate attorney's fees to be awarded to Appellees." [DE 502-1].

The Court finds that there is need to correct clear error or manifest injustice here. Defendant argued to the Eleventh Circuit that apportionment of appellate attorney's fees would be impossible, Plaintiffs argued that the test from *Fox v. Vice* had to be applied, and the Eleventh Circuit issued an Order granting Defendant's motion for appellate attorney's fees as to entitlement without making any qualification or limitation whatsoever.  Plaintiffs' claim in its Motion for Reconsideration that Defendant only requested from the Eleventh Circuit appellate attorney's fees regarding the copyright claim, and this Court decided to award appellate attorney's fees in excess of what Defendant requested, is extremely misleading.  Rather, the parties hashed out their arguments regarding apportionment of attorney's fees in their briefs submitted to the Eleventh Circuit.

Even if the Court could reconsider the entitlement issue, as explained in its Report and Recommendation, Plaintiffs took an appeal from the Court's final judgment, and the Eleventh Circuit affirmed.  Under such circumstances, there is no apportionment issue.  Plaintiffs took one appeal, and the Eleventh Circuit deemed the appeal to be frivolous and determined that Defendant was entitled to attorney's fees incurred during the appellate proceedings.  The tasks completed by Defendant's counsel clearly related to the entirety of the appeal and cannot and should not be

3

apportioned by claim.   In sum, the Court properly found in its Report and Recommendation that *Fox v. Vice* is not applicable in the context of Defendant's entitlement to appellate attorney's fees.

Based on the foregoing, it is hereby **ORDERED** that, to the extent Plaintiffs' Motion [DE 532] seeks the Court to reconsider the Report and Recommendation on appellate attorney's fees, the Motion should be denied.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 8th day of November, 2016.

WILLIAM MATTHEWMAN
United States Magistrate Judge